## SUPREME COURT.

In the Matter of the Application of the Second Baptist Society in Canaan, for leave to sell their House of Worship, &c.

By the general act incorporating *religious societies*, the *trustees* of the society have the power to *remove their house of worship* from one lot to another, or from one village to another, without any application to the court.

It is necessary to apply to the court only in case of a *sale* of the real estate of the society; and on such application it is not necessary to give notice to the *pew-holders*.

*Columbia Special Term, July,* 1851.

C. L. Beale, *for motion.*

P. W. Bishop, *opposed.*

Harris, Justice.  At the special term of this court, in April last, an application was made in behalf of the Second Baptist Society in Canaan, for leave to sell or remove their house of worship.  An order was made granting the effect of such application.  A motion is now made on behalf of some of the pew-holders in the house to vacate that order. The principal ground upon which the motion is founded, is that sufficient notice of the application was not given to the persons opposed to the measure contemplated by the

society. I apprehend that these parties have entirely mis-
conceived their right. The society was incorporated under
the general act relating to the incorporation of religious
societies. By that act *the trustees* of every religious society,
incorporated under its provisions, are authorized and em-
powered to take into their possession and custody all the
*temporalities belonging to the society, whether the same con-
sist of real or personal estate; to purchase and hold real
estate, and to improve the same for the use of the society;
to repair and alter their meeting-house, and to erect others if
necessary; to regulate and order all other matters relating
to the temporal concerns and measures of the society.* In
short, the entire management and control of the temporal
affairs of the society is committed to the trustees. The only
power *withheld* is that of *alienation.* They may not sell
the real estate of the corporation without authority from
some court. If the trustees of this society desired to re-
move their house of worship from *one lot to another*, or from
*one village to another*, they had the legal right to do so.
No authority which this court could confer would make
that right more perfect. An application would only have
been necessary in case the trustees had desired to sell the
lot from which they proposed to remove their building.
For that purpose it was proper to obtain the order of the
court; but upon such application no notice to the pew-
holders was necessary. It is usual, in such cases, to show
that, at a meeting of the society called for that purpose,
the proposed disposition of their property had been sanc-
tioned. This is not indispensable; it is done with a view
to satisfy the court that the application should be granted.
If satisfied without sanction of the members of the society,
it is competent for the court to grant the authority to sell
without such meeting.

The proceedings in this case have been quite informal,
but I think they are substantially in accordance with the
statute. A formal resolution of the board of trustees,

adopted at a regular meeting of that board, should have accompanied the application. But it appears now affirmatively that the application was concurred in by a majority of the board. I cannot see, therefore, that even if the order should be set aside for any such informality, any advantage could be derived therefrom by those opposed to the project of removal. It is evident that a majority of the trustees are in favor of the measure. It is equally evident that a still more decided majority of those who have a right to be heard in any matter affecting the interest of the society approve of the measure. The right of the trustees exercising their own discretion, and acting upon their own responsibility to purchase a new site, and to remove their present edifice to such new site, requires no sanction from the court; it is complete without it. The right to sell the old site requires such sanction; but even those opposed to removal would not probably object to this when they see that the removal is to take place. In matters of this description, as in all others where individuals unite their interests to effect a common object, cases of individual hardships will occasionally arise. Sometimes, though very rarely, a court is called upon to interfere to protect the rights of a minority against the arbitrary acts of a majority. But it is a cardinal principle in our free institutions, and it pervades the whole structure of our social relations, that where a difference in opinion exists the will of the majority shall prevail; it is a settled principle. The individuals who, in this instance, oppose the action of a majority of their associates, entered into the society with a knowledge that they were to be governed by this principle. In any view that can be taken of the question, it seems to me that the order made in April by Justice PARKER was judicious and proper, and that no good end could be attained now by those who now seek to vacate it, by granting their application. The motion must, therefore, be denied.